LUCERO, Circuit Judge,
concurring in the judgment.
I agree with the majority that the record contains sufficient evidence to support the jury’s conclusion that Holcom Park contained “three or more separate appara *1202 tus intended for the recreation of children.” 21 U.S.C. § 860(e)(1). I further agree that a baseball backstop qualifies as “apparatus intended for the recreation of children” under that statute. (See Majority Op. 1201.) I decline to join the majority opinion, however, because I see no need to hold that the principle of ejusdem generis does not apply to the statute at issue. As I see it, “apparatus intended for the recreation of children” encompasses backstops and related sports structures regardless of whether the canon applies. Because this is an issue on which courts are split and which could have wide-ranging consequences, I would avoid the majority’s unqualified pronouncement.
The majority concludes that ejusdem generis does not apply principally because the statute contains the phrase “including but not limited to.” (See Majority Op. 1200-01.) Although they aptly cite significant support for their position, my colleagues fail to acknowledge the substantial contrary authority applying the canon to statutes that use the same phrase. See United States v. Philip Morris USA, Inc., 396 F.3d 1190, 1200 (D.C.Cir.2005) (applying the canon to a list preceded by “including, but not limited to”); BNSF Ry. Co. v. Bhd. of Locomotive Eng’rs & Trainmen, 595 F.Supp.2d 722, 734 (N.D.Tex.2008) (applying canon to agreement containing “but not limited to” formulation); Schmidt v. Mt. Angel Abbey, 347 Or. 389, 223 P.3d 399, 404 n. 14 (2009) (applying canon to statute); Bd. of Chosen Freeholders v. State, 159 N.J. 565, 732 A.2d 1053, 1059 (1999) (same). Further, as the majority recognizes, (Majority Op. 1198), the Fourth Circuit applied ejusdem generis to the very statute before us. United States v. Parker, 30 F.3d 542, 553 & n. 10 (4th Cir.1994).
In light of this split, decisive resolution of the issue would be advisable only if it were necessary to our disposition of the case. I disagree with West’s contention that application of the canon would exempt the equipment the majority rightly construes as “apparatus.” His argument depends on a “wooden[j” and “thoughtless” application of the canon that, as the majority rightly notes, (Majority Op. 1199-1200), is entirely prohibited. If, however, we employ ejusdem generis “not to obscure and defeat the intent and purpose of Congress, but to elucidate its words and effectuate its intent,” United States v. Alpers, 338 U.S. 680, 682, 70 S.Ct. 352, 94 L.Ed. 457 (1950), it is clear that the sports equipment relied on by the majority counts as “apparatus intended for the recreation of children” under the statute. Under ejusdem generis, an “apparatus” would have to belong to the same general class as the listed items, but it would not have to share all the exact same characteristics. Backstops, nets, and goals, like sliding boards, swingsets, and teeterboards, are all structures often found on a playground. Indeed, as the majority recognizes, application of the canon did not preclude the Fourth Circuit from concluding that a basketball hoop qualifies as an “apparatus.” (Majority Op. 1199 (citing Parker, 30 F.3d at 552).)
After deciding that ejusdem generis does not apply, the majority has no trouble concluding that “apparatus intended for the recreation of children” easily encompasses the baseball backstop at Holcom *1203 Park. Given the capacious definition of “apparatus,” that conclusion is clear. But it does suggest the potential hazard in taking ejusdem generis entirely off the table. Ignoring the examples of swing-sets, teeterboards, and sliding boards, I see nothing in the statute that would prevent, for instance, a toy truck from qualifying as an “apparatus intended for the recreation of children,” even though that would seem absurd and contrary to Congress’ intent.[1] Moreover, the majority’s opinion could preclude us from applying ejusdem generis to any statute with the words “including but not limited to,” a potentially -wide-ranging issue upon which there is a split of authority. Because the apparatus identified by the majority qualifies under the statute regardless of whether the canon applies, I see no need to decide that issue.

. The statute only requires that the playground "containf]” three such apparatus. § 860(e)(1).